■ JOHN DEERE INDUSTRIAL EQUIPMENT COMPANY, Appel-lant, v PHILIP PATTERSON, Doing Business as PATTERSON EXCA-VATING, Respondent.—Yesawich, Jr., J. Appeals (1) from an order of the Supreme Court (Mugglin, J.), entered September 25, 1987 in Otsego County, which denied plaintiff's motion for summary judgment, and (2) from that part of an order of said court, entered October 27, 1987 in Otsego County, which, *inter*

*alia,* upon granting plaintiff's motion for reargument, adhered to its initial decision.

Plaintiff brought suit to recover possession of a John Deere wheel loader backhoe, alleging that defendant had defaulted in making installment payments under an installment contract and security agreement assigned to plaintiff. Defendant commenced payments in May 1984 and was in arrears in 1985. The backhoe was repossessed early in 1986 but defendant was allowed to redeem the equipment in April 1986 for a lump-sum payment of nearly $10,000, despite an outstanding arrearage then of over $15,000. Defendant again fell behind on his payments, allegedly because he was seeking an offset for defects in the backhoe, and made no installment payments between November 1986 and April 1987. Plaintiff then commenced this action to repossess the chattel. Defendant's answer consists of general denials and breach of warranty counterclaims. Plaintiff moved for summary judgment and Supreme Court ultimately denied the motion, finding that a question of fact existed as to whether a novation occurred at the time of the repossession in April 1986. This appeal followed.

Plaintiff is entitled to summary judgment. It proffered proof in admissible form establishing that defendant had breached a contract assigned to plaintiff by the seller, and that as a result of the breach plaintiff was entitled to possession of the backhoe. Since plaintiff established its prima facie right to summary judgment, the burden then shifted to defendant to demonstrate the existence of a genuine issue of fact *(see,* 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3212.12). However, defendant in his affidavits did little more than urge the merits of his counterclaims, which are irrelevant to the summary judgment motion. Lastly, there is no evidence in the record to support a novation.

Order entered September 25, 1987 reversed, on the law, without costs, motion granted and summary judgment awarded to plaintiff.

Appeal from order entered October 27, 1987 dismissed, as academic, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.